UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

ANGELICA RATTUNDE, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

SCORES CHICAGO GENTLEMAN'S CLUB,

    Defendant.

CASE NO.

**CLASS ACTION COMPLAINT**

I. **INTRODUCTION**

1. Plaintiff Angelica Rattunde brings this action on behalf of herself and other exotic dancers who have worked at Scores Chicago Gentleman's Club (the "Scores"), an adult entertainment strip club located at 4003 West Lake Street, Stone Park, Illinois. As described further below, Scores has misclassified its exotic dancers as independent contractors rather than employees under federal and state law. Dancers are paid only by receiving tips from customers, which they are required to pay back in part to the club, as well as to share with other individuals who are not eligible to share in a tip pool.

2. Plaintiff brings this action on her own behalf, and on behalf of other Scores dancers who may choose to opt-in to this case, for not paying minimum wage as required by the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*. and for taking a portion of the dancers' tips and allowing and requiring dancers to share their tips with individuals not eligible to share in a tip pool.

3. Plaintiff also brings this action on behalf of herself and a class of other

similarly situated Scores exotic dancers, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for violating various provisions of Illinois state wage law including: (1) the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.* by failing to pay dancers the required state minimum wage; and (2) the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS § 115/1, *et seq.* by taking deductions from dancers' pay and requiring dancers to share their tip earnings with other individuals.

4. Finally, Plaintiff also brings this action on behalf of herself and a class of other similarly situated Scores exotic dancers, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for violating the Illinois Gender Violence Act ("IGVA") 740 ILCS § 82, *et seq.* stemming from Defendant's encouraging and assisting in acts of gender-related violence perpetrated by its customers against Plaintiff. As described further below, Defendant and its managers and security staff have condoned and encouraged intrusions and physical aggression of a sexual nature against Plaintiff and other dancers.

## II. PARTIES

5. Plaintiff Angelica Rattunde is an adult resident of McHenry, Illinois. She worked at Scores as an exotic dancer in 2016/2017, and then again from 2019 until February 2023.

6. Defendant Scores is an adult entertainment strip club with its principal place of business at 4003 West Lake Street in Stone Park, Illinois.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

8. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's supplemental state law claims, which are brought pursuant to the laws of the State of Illinois, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Scores is located within this judicial district and division, and the unlawful labor practices giving rise to Plaintiff's claims were committed within this judicial district.

## IV. STATEMENT OF FACTS

10. Scores has misclassified its exotic dancers as independent contractors, when in reality they are employees.

11. Scores has exercised extensive control over the manner in which its exotic dancers perform their jobs and conduct themselves while on the club's premises, including where to be on the premises and when, what they are allowed to wear (such as requiring long dresses be worn before midnight), how much they can receive for private dances and sessions, and how they can interact with customers. For example, dancers must dance on stage for between one and three songs per stage rotation depending on the number of dancers working that night; they are not allowed to carry a phone with them on the floor; they are prohibited from chewing gum; and they must receive permission from management before leaving the premises before the end of the night. The dancers have no control over the customer volume, advertising, or atmosphere at the club, which is controlled entirely by Defendant.

12. Defendant retains the power to hire and fire the exotic dancers and has disciplined or threatened to discipline dancers who do not comply with Defendant's

requirements regarding the manner and means of their work. For example, Scores may fine dancers if they are caught chewing gum on the premises, or if the dancer fails to meet the club's weight and appearance requirements. In fact, there were multiple occasions that Plaintiff was fined $75 per shift for not meeting the club's weight and appearance rules.

13. At all relevant times, Scores dancers have not held themselves out to be in business for themselves. Instead, the dancers are economically dependent on their relationship with Defendant for a substantial portion of their earnings.

14. In addition, Scores is in the business of providing adult entertainment to its patrons. Scores holds itself out on social media as the "#1 Gentleman's Club in Chicago" and "Chicago's Best Gentlemen's club." Thus, the dancers clearly perform services in the usual course of Defendant's business, and without the dancers, Scores would have no business, such that the dancers' work is integral to Defendant's business.

15. At all times relevant to this Complaint, Defendant has treated Plaintiff and its other dancers in a substantially similar manner with respect to its policies and practices.

16. At all relevant times, the federal minimum wage has been $7.25 per hour.

17. The minimum wage in Illinois was $8.25 per hour as of January 1, 2020. The Illinois minimum wage increased to $10.00 per hour on July 1, 2020, $11.00 per hour on January 1, 2021, $12.00 per hour on January 1, 2022, and $13.00 per hour on January 1, 2023.

18. Defendant did not pay the exotic dancers who have worked at Scores the

prevailing minimum wage.

19. The exotic dancers who have worked at Scores receive compensation only in the form of gratuities from patrons.

20. In order to perform their job, the dancers have been required to pay "house fees" to Scores for every shift.

21. Likewise, when customers pay tip with the club's "funny money", Defendant has retained a portion of all such tips, thereby taking unlawful deductions from dancers' pay.

22. The dancers have also been required to share their tips with managers and with non-service employees or agents of Scores, such as "house moms", disc jockeys, and security.

23. Plaintiff has also been subjected to various acts of gender-related violence in the course of her work at Scores. Defendant did not intervene and allowed these acts of gender-related violence to occur. Specifically, Defendant's managers and bouncers condoned and even encouraged customers to touch dancers, including the Plaintiff. In particular, bouncers repeatedly witnessed customers slapping Plaintiff on the buttocks; when Plaintiff complained, she was told by Defendant's security employees that "touching was allowed", and they did not intervene or put a stop to the physical aggression. On another occasion, a customer placed his mouth on Plaintiff's breast, and on a third occasion, a customer touched Plaintiff's genitalia.

24. Furthermore, on several occasions when a customer engaged in physical intrusions of a sexual nature, Plaintiff was punished financially for attempting to protect herself from further harm. On several occasions when a customer exposed himself to

Plaintiff, and she instructed the customer to cover himself, the club unilaterally chose to issue a partial refund to the customer, resulting in Plaintiff losing the pay she rightfully earned for her performance.

## V. CLASS AND COLLECTIVE ALLEGATIONS

25. Plaintiff brings this action individually and as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals who worked as an exotic dancer at Scores at any time between three years prior to the filing of this lawsuit and the entry of judgment in this case, who may choose to "opt-in" to join this lawsuit.

26. Plaintiff attaches as Exhibit A her Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

27. Plaintiff also brings this action individually and as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of all individuals who worked as exotic dancers at Scores at any time between ten years prior to the filing of this lawsuit and the entry of judgment in this case (with respect to the claims brought under the IWPCA), between three years prior to filing this lawsuit and the entry of judgment in this case (with respect to the claims brought under the IMWL), and between seven years prior to filing this lawsuit and the entry of judgment in this case (with respect to the claims brought under the IGVA).

28. This action on behalf of the Rule 23 class satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

 a. The proposed class is so numerous that joinder of all individual members in this action is impracticable;

 b. There are questions of law and/or fact common to the members of the

       proposed class regarding; (1) Scores' conduct in classifying exotic dancers as independent contractors; (2) failing to ensure they are paid at least minimum wage for their work; (3) effectively making illegal deductions from their wages by keeping a percentage of the dancers' tips that are paid by customers with the club's "funny money," and uniformly requiring dancers to pay a portion of their tips to the Defendant and to managers and other non-service employees; and (4) condoning and encouraging customers to physically touch dancers.

   c. The claims of Plaintiff Rattunde are typical of the claims of the proposed class and she has the same interests as the other members of the class; and

   d. Plaintiff Rattunde will fairly and adequately protect the interests of the class as she has retained able counsel experienced in class action litigation, and her interests are coincident with, and not antagonistic to, the interests of the other class members.

    29.    In addition, this action satisfies the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy because joinder of all class members is impractical. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I
### Failure to Pay Minimum Wage in Violation of the FLSA

30. Defendant Scores is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. §203(s), because it has annual gross sales or business of at least $500,000 and has employees engaged in interstate commerce as it is an enterprise whose employees engage in commerce, including entertainment as well as the sale of food and non-alcoholic beverages.

31. Plaintiff and the members of the proposed collective are employees of Defendant for purposes of the Fair Labor Standards Act during all times relevant to this Complaint. Defendant has failed to pay Plaintiff and the members of the proposed collective an hourly rate of at least the federal minimum wage of $7.25 per hour as required by the FLSA, 29 U.S.C. § 206(a)(1)(C).

32. Further, Defendant is not permitted to take the tip credit against the minimum wage (and thus pay the reduced hourly rate for tipped employees of $2.13 per hour) because it did not provide the required notice to the dancers in order to take the tip credit and because the dancers have not been allowed to retain all tips they have received, but instead have been required to share their tips with management and with other employees or agents of Defendant who are not among employees who customarily and regularly receive tips, and not pursuant to a valid tip pooling or sharing arrangement under applicable law.

33. Plaintiff and the members of the proposed collective are entitled to back wages at the minimum wage rate of $7.25 per hour for every hour worked, pursuant to the FLSA, 29 U.S.C. § 216(b). The failure of Defendant to compensate Plaintiff and the

members of the collective at least minimum wage was knowing, willful, intentional, and done in bad faith. Defendant knew or should have known that Plaintiff and the other dancers, performing the same job functions, were being improperly misclassified as independent contractors given the wealth of case law that has concluded similarly situated exotic dancers are employees of the clubs for which they work.

34. Plaintiff and the members of the proposed collective are also entitled to liquidated damages equal to the amount of unpaid minimum wages due to them under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### Failure to Pay Minimum Wage, 820 ILCS § 105/1, *et seq*.

35. At all times relevant herein, Plaintiff and the members of the proposed class were employed by Defendant as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/3(d).

36. At all relevant times, Defendant was an "employer" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c).

37. Plaintiff and the members of the proposed class were not paid proper minimum wages under the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, during their employment with Defendant.

38. Pursuant to 820 Ill. Comp. Stat. 105/4, Plaintiff and the other members of the proposed class were entitled to be compensated at the applicable State minimum wage rate for all hours worked.

39. Defendant's willful conduct in failing to ensure that its exotic dancers receive the Illinois state minimum wage constitutes a violation of 820 ILCS § 105/1, *et seq*. This claim is brought on behalf of all dancers who have worked at Scores in the last three years prior to the date of filing of this Complaint until the date of judgment in this action. See 820 §ILCS 105/12.

## COUNT III
**Failure to Pay Wages and Illegal Deductions 820 ILCS § 115, *et seq*.**

40. At all relevant times, Plaintiff and the members of the proposed class were "employees" of Defendant as defined by the IWPCA.

41. At all relevant times, Defendant was an employer of Plaintiff and the members of the proposed class as defined by the IWPCA.

42. Defendant has violated the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 et seq., by misclassifying its exotic dancers as independent contractors, requiring them to pay fees in order to perform their jobs, keeping a portion of their tips at the time they exchange the club's "funny money" for U.S. currency, and requiring them to make payments to other individuals (such as "house moms," disc jockeys, and security). This claim is brought on behalf of all dancers who have worked at Scores in the last ten years prior to the date of filing of this Complaint until the date of judgment in this action. See 735 ILCS § 5/13–206.

## COUNT IV
**Violation of the Illinois Gender Violence Act, 740 ILCS § 82,** *et seq.*

43. During the course of Plaintiff's employment with Defendant, Defendant's customers committed numerous acts of physical intrusion of a sexual nature and physical aggression against Plaintiff and Defendant's other dancers because they were female. These acts included the touching of Plaintiff's genitalia and breasts and slapping of her (and other dancers') buttocks. These acts were physical intrusions or invasions of a sexual nature under coercive conditions satisfying the elements of battery under Illinois law.

44. Defendant encouraged or assisted this unlawful behavior, because it was well aware of this conduct, but it turned a blind eye to same. In several instances, Plaintiff expressly complained or sought help from Defendant's managers and security staff and was told that "touching is allowed" at the club.

45. As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, loss of income, and other losses. Plaintiff seeks damages and attorney's fees and costs pursuant to 740 ILCS § 82/15.

WHEREFORE, Plaintiff requests that the Court enter the following relief:

a. An order authorizing the sending of appropriate notice to current and former employees of Defendant Scores who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

b. A declaratory judgment that Defendant has willfully and in bad faith violated the minimum wage provisions of the FLSA and Illinois state law, and has deprived Plaintiff and the members of the collective of their rights to such compensation;

c. A declaratory judgment that the plaintiffs and class/collective members are employees, not independent contractors under both the FLSA and Illinois state law;

d. Certification of a class pursuant to Fed. R. Civ. P. 23 on Plaintiff's state law wage claims;

e. An order requiring Defendant to provide a complete and accurate accounting of all the wages to which Plaintiff and members of the class/collective are entitled;

f. An award of monetary damages to Plaintiff and members of the collective in the form of back pay for unpaid minimum wages, together with liquidated damages in an equal amount under the FLSA;

g. An award of monetary damages to Plaintiff and members of the class in the form of back pay for unpaid minimum wages, together with treble damages, and statutory damages pursuant to the formula set forth in the IMWL;

h. An award of damages for all wages and statutory damages pursuant to the formula set forth in the IWPCA;

     i.     An award of prejudgment interest on the unpaid wages in accordance with 815 Ill. Comp. Stat. 205/2;

     j.     A declaratory judgment that Defendant has violated the Illinois Gender Violence Act with respect to Plaintiff;

     k.     An award of actual and punitive damages and damages for emotional distress to Plaintiff and members of the class stemming from the gender-related violence suffered in the course of the performance of their job duties for Defendant;

     l.     Attorneys' fees and costs; and

     m.     Such further relief as the Court deems just and proper.

Respectfully submitted,

ANGELICA RATTUNDE, individually and on behalf of all others similarly situated,

By their attorneys,

 s/ Bradley Manewith
Bradley Manewith, #06280535
LICHTEN & LISS-RIORDAN, P.C.
5 Revere Drive, Suite 200
Northbrook, IL 60062
Tel. (617) 994-5800
Fax (617) 994-5801
Email: bmanewith@llrlaw.com

Matthew Thomson, *pro hac vice anticipated*
Adelaide Pagano, *pro hac vice anticipated*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
Email: mthomson@llrlaw.com;
    apagano@llrlaw.com

Dated: October 10, 2023